MACK LAWRENCE V. THE STATE.

No. 18196. Delivered April 22, 1936.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

This is in a sense a companion case to that of Rice v. State, opinion handed down April 15, 1936. (Reported on page 342 of this volume). The State showed that something over two hundred dollars worth of pipe was stolen on Monday night, March 11, 1935, from near a well owned by Knight and Ewing in Shackelford County, Texas; that the theft was committed by three men as evidenced by the

fact that three different sets of tracks were at the place where the pipe was taken; also that two cars, one a truck and the other a lighter car, were at said place, and that one of the parties engaged in taking the pipe wore cowboy boots or shoes having sharp heels. There was a rain that Monday night, and the theft was evidently after the rain, because the tracks were made in wet and soft ground. The next morning between two and four o'clock this appellant and Rice, in a Ford V-8, went to the house of a man working for the Great West Pipe & Supply Company in Big Spring, Howard County, Texas, whose distance from Shackelford County is not shown, and got from said party the keys to the warehouse of said company, appellant stating at the time that he was working for Rice, and had come with Rice to Big Spring for the purpose of getting his clothes, but Mr. Rice had a load of pipe which he wanted to sell, and they wanted to get the keys in order to go into the warehouse where appellant had a bed,—he having worked for said supply company at a former time,—and that they would spend the rest of the night down there. Scheyer, the party mentioned as living in Big Spring, went down the next morning and found appellant, Rice, and a man named McNeal, who had on cowboy boots or shoes, and a truck loaded with pipe, which Rice sold to the supply company for 60 cents a foot. Rice claimed to own the pipe, and said nothing indicating that appellant had any interest in same. Rice was paid two checks, one for $55.00 and the other for $136.40. After the sale was consummated, the testimony shows that when the pipe was unloaded McNeal drove the truck away, and appellant and Rice left together in the V-8 car. It was not shown whether appellant carried away with him any clothes or not, which might be significant.

No effort was made to show any correspondence between the tracks found at the place of the alleged theft with the tracks or shoes of appellant and Rice. It was in testimony that appellant had worked for the supply company in Big Spring up to a week or ten days before the time he appeared there with Rice and McNeal. While appellant said he was working for Rice, it was also in testimony that he said he came out after his clothes.

The record fails to disclose whether appellant did in fact have any clothes at Big Spring, or whether he helped in unloading the pipe, or did or said anything else evidencing an interest on his part in the pipe or its proceeds. Appellant did not testify, nor did he introduce any witnesses who might have

established an alibi for him, or who might have testified to his whereabouts on the night of the alleged theft, or who might have made some explanation as to how and when he got with Rice and McNeal on the night in question,—but seemed to rest his case on the proposition that the State had not made out its case.

In this condition of the record we are left in such doubt as to the sufficiency of the facts as to make us unwilling to affirm the judgment, and especially in view of the fact that appellant's failure to take the witness stand was referred to by at least two jurors in their retirement, the reference being such as might not ordinarily call for reversal, but under close facts like these may have turned the scales against appellant.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*